[Cite as *Wachovia Bank of Delaware, N.A. v. Jackson*, 2011-Ohio-3203.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | | JUDGES: |
| WACHOVIA BANK OF DELAWARE, | : | Hon. W. Scott Gwin, P.J. |
| N.A. | : | Hon. William B. Hoffman, J. |
| | : | Hon. Julie A. Edwards, J. |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | Case No. 2010-CA-00291 |
| | : | |
| IRENE P. JACKSON | : | |
| | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of Common Pleas, Case No. 2009CV00832

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      June 27, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

DARRYL E. GORMLEY
PETER T. MEHLER      IRENE JACKSON  PRO SE
968 Edison Blvd.      530 6th Street S.W.
Twinsburg, OH 44087      Massillon, OH 44647

*Gwin, P.J.*

{¶1} Defendant-appellant Irene P. Jackson appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiff-appellee Wachovia Bank of Delaware, and granting an order of foreclosure on appellant's property. Appellant assigns two errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS THERE WERE GENUINE ISSUES OF MATERIAL FACT REMAINING TO BE PROVED BY PLAINTIFF-APPELLEE.

{¶3} "II. THE TRIAL COURT ERRED FOLLOWING THIS COURT'S REVERSAL AND REMAND, BY NOT ADEQUATELY CONSIDERING MY RESPONSE TO PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT, AND SIMPLY REISSUING ITS PRIOR JUDGMENT APPROXIMATELY FIFTEEN (15) DAYS FOLLOWING THIS COURT'S REVERSAL AND REMAND, EVEN IN LIGHT OF THE EXTENSIVE NATIONAL PUBLICITY REGARDING ROBO-SIGNING AND NOTARIZATION OF FORECLOSURE AFFIDAVITS, THE EXACT MATTER THAT REMAINS AT ISSUE IN THIS CASE."

{¶4} The record indicates on February 26, 2009, Wachovia filed a complaint seeking foreclosure of appellant's real property located in Massillon, Stark County, Ohio. Appellant filed an answer, and the trial court subsequently referred the matter to mediation. Mediation was unsuccessful, and on January 20, 2010, Wachovia filed its motion for summary judgment. On January 21, 2010, the trial court granted the motion for summary judgment, granting an order of foreclosure and ordering sale of the property. On February 2, 2010, appellant filed a response to the motion for summary

judgment, and the trial court again entered summary judgment in favor of Wachovia on February 4, 2010.

{¶5} The appellant appealed to this court, and we found the earlier judgment entry of January 21, 2010 was a final appealable order. The judgment entry of February 4, 2010 was not a nunc pro tunc order, and thus was void because the trial court lacked jurisdiction. We found the trial court's judgment entry of January 21, 2010 was entered less than the minimum fourteen day period proscribed in Civ. R. 56, and we reversed and remanded the matter to the trial court with instructions to conduct further proceedings in accord with law and consistent with our opinion. *Wachovia Bank of Delaware v. Jackson*, Stark App. No. 2010-CA-00038, 2010-Ohio-3970.

{¶6} Upon remand, the trial court entered summary judgment in favor of appellee Wachovia, specifically referencing appellant's response to the motion for summary judgment.

{¶7} For the reasons that follow we find the trial court should not have sustained the motion for summary judgment because it was not supported by evidence on each element of its cause of action.

Summary Judgment

{¶8} Civ. R. 56(C) states in pertinent part:

{¶9} "***Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as

stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶10} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Houndshell v. American States Insurance Company* (1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App. 3d 301.

{¶11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186.

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt* (1996), 75 Ohio St. 3d 280. Once the

moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id.  The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, *Henkle v. Henkle* (1991), 75 Ohio App. 3d 732.

{¶13}  A failure to respond to a motion for summary judgment does not, by itself, warrant that the motion be granted. *Morris v. Ohio Casualty Insurance Co.* (1988), 35 Ohio St.3d 45, 47. Even where the nonmovant completely fails to respond to the summary judgment motion, the trial court's analysis should focus on whether the movant has satisfied its initial burden of showing that reasonable minds could only conclude the case should be decided against the nonmoving party. Id. Only then should the court address whether the nonmovant has met its reciprocal burden of establishing that a genuine issue remains for trial. Id.

I.

{¶14}  In her first assignment of error, appellant asserts her affidavit in opposition to the motion for summary judgment challenged Wachovia's allegation it was the holder of the note and mortgage. Appellant's affidavit states she had been unable to verify that Wachovia Bank of Delaware was authorized to do business in the State of Ohio. She also alleged the affidavit Wachovia submitted in support of its motion for summary judgment was signed by an assistant secretary for a fourth entity claiming power of attorney for the plaintiff and was not sufficient to prove Wachovia is the proper party.

{¶15} Civ. R. 56(E) provides:

{¶16} "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. ***"

{¶17} In order to demonstrate it had standing to bring the foreclosure action, Wachovia had to demonstrate it was entitled to enforce mortgage and note.

{¶18} R.C. 1303.31 provides:

{¶19} "(A) "Person entitled to enforce" an instrument means any of the following persons:

{¶20} "(1) The holder of the instrument;

{¶21} "(2) A nonholder in possession of the instrument who has the rights of a holder;

{¶22} "(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 1303.38 or division (D) of section 1303.58 of the Revised Code.

{¶23} "(B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

{¶24} Wachovia's affidavit to which appellant refers was signed by Noriko Colston, who identified herself as an assistant secretary of Barclay's Capital Real

Estate, Inc., dba HomEq Servicing, as attorney in fact for Wachovia Bank of Delaware. The affidavit recites Wachovia Bank of Delaware was formerly known as First Union National Bank of Delaware, formerly known as First Union Home Equity Bank, N.A., and is the successor in interest to First Union Home Equity Corporation. Colston's affidavit asserts she has personal knowledge of all the facts contained in the affidavit and is competent to testify. Colston's affidavit states the copies of the note and mortgage attached to the pleadings are true and accurate copies of the original instruments, but the documents are not attached to the affidavit itself. Colston's affidavit states Wachovia has exercised its option to accelerate and call due the entire principal balance. Colston's affidavit states she has examined and has personal knowledge of the appellant's loan account, which is in default. Finally the affidavit lists the amount due.

## Personal Knowledge

{¶25} The question of whether an affiant has personal knowledge is often raised. In *Lasalle Bank National Association v. Street,* Licking App. No. 08CA60, 2009-Ohio-1855, we noted:

{¶26} "Ohio courts have defined 'personal knowledge' as 'knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said.' *Zeedyk v. Agricultural Soc. of Defiance County,* Defiance App. No. 4-04-08, 2004-Ohio-6187, at paragraph 16, quoting *Bonacorsi v. Wheeling & Lake Erie Railway Co.* (2002), 95 Ohio St.3d 314, 320, 767 N.E.2d; Black's Law Dictionary (7th Ed. Rev.1999) 875. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient to meet the requirements of Civ.R. 56(E). *Tolson v. Triangle Real Estate,* Franklin App. No. 03AP-715*,* 2004-Ohio-

2640, paragraph 12. However, self-serving affidavits may be offered relative to a disputed fact, rather than a conclusion of law. *CitiMortgage, Inc. v. Ferguson*, Fairfield App. No. 2006CA00051, 2008-Ohio-556, paragraph 29. Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. See *Bush v. Dictaphone Corp.*, Franklin App. No. 00AP1117, 2003-Ohio-883, paragraph 73, citing *Beneficial Mortgage Co. v. Grover* (June 2, 1983), Seneca App. No. 13-82-41." *Lasalle* at paragraphs 21-22.

**{¶27}** In *Residential Funding Company v. Thorne,* Lucas App. No. L-09-1324, 2010-Ohio-4271, the Sixth District Court of Appeals held: "'Personal knowledge' has been defined as knowledge of factual truth which does not depend on outside information or hearsay." *Thorne at* paragraph 64, citation deleted.  Further,   "An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E). See *Bank One, N.A. v. Swartz,* 9th Dist. No. 03CA008308, 2004-Ohio-1986, paragraph 14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. Id." *Thorne* at paragraph 70.

**{¶28}**  Colston's affidavit identifies the mortgage and the note as accurate copies of the originals, but does not identify any other documents Wachovia submitted to the trial court. Her affidavit states she has examined appellant's loan account. It does not identify the account as a business record, kept in the regular course of business, nor does it state the records were compiled at or near the occurrence of each event by

persons with knowledge of said events. Colston's affidavit asserts she has personal knowledge of all the facts contained in her affidavit, but she merely alleges she is an assistant secretary of Barclay's, without elaborating on how her position with the company relates to or makes her familiar with the appellant's account records.

Documentary Exhibits

**{¶29}** Wachovia also filed a document captioned "Notice of Filing Merger/Name Change Documents", presumably to document its identity as the proper plaintiff. Attached are various documents, one of which appears to be a copy of a letter purporting to be an official certification by the Comptroller of the Currency Administrator of National Banks. The letter states First Union Bank of Delaware and First Union Home Equity Bank of Charlotte, North Carolina had merged and the resulting bank was now titled First Union Bank of Delaware.  A "secretary's certificate" signed by Carol Mullis also recites the merger.  A second letter from the Comptroller of the Currency states it received a letter from Wachovia advising it of the title change by First Union National Bank to Wachovia Bank.  The letter states because of a change in law, its office was no longer responsible for approving or maintaining official records of the bank name changes.  Finally, Wachovia attached what appears to be a print-out of a computer screen, captioned National Information Center, Federal Reserve System. The print-out states First Union National Bank has been re-named Wachovia Bank. There are no affidavits accompanying any of the documents testifying the copies are true and accurate copies of the originals, or asserting they are business documents.

**{¶30}** A trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is "incorporated by reference in a properly framed

affidavit pursuant to Civ.R. 56(E)." *Modon v. Cleveland* (Dec. 22, 1999), 9th Dist. No. 2945–M, at *2, citing Bowmer v. Dettelbach (1996), 109 Ohio App.3d 680, 684.

**{¶31}** Evid. R. 902 lists documents for which extrinsic evidence of authenticity as a condition precedent to admissibility is not required. Included is a certified copy of a public record, which is certified as correct by the custodian or other person authorized to make certification. Evid. R. 902 (4). Other documents for which extrinsic evidence of authenticity is not required are "[d]ocuments accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments." Evid. R. 902 (8).

**{¶32}** Evid. R. 1005 applies to official records, and it states the contents of an official document authorized to be recorded or filed, and actually recorded or filed, may be proved by a copy if the copy is certified as correct in accordance with Evid. R. 902, Civ. R. 44, Crim. R. 27, or testified to be correct by a witness who has compared the submitted copy with the original.

**{¶33}** Wachovia also presented copies of assignments of the note and mortgages from First Star Bank to First Star Finance; First Star Finance to First Union kna, Wachovia. The documents Wachovia submitted are not certified copies of public records nor were they accompanied by an affidavit asserting they were true and accurate copies.

The Loan Account

**{¶34}** Colston's affidavit asserts she examined the appellant's loan account.

**{¶35}** Evid. R. 803 (6) provides a business record must manifest four essential elements: (1) the record must be one regularly recorded in regularly conducted activity;

(2) it must have been entered by a person with knowledge of the act, event or condition; (3) it must have been recorded at or near the time the transaction; and (4) a foundation must be laid by the custodian of record or some other qualified witness. *State v. Davis,* 116 Ohio St. 3d 404, 2008-Ohio-2, 880 N.E. 2d 31, at paragraph 171, citing 1 Weissenberger's Ohio Evidence (2007), 600, Section 803.73.

{¶36} In *State v. Patton* (March 5, 1992), Allen App. No. 1-91-12, the Court of Appeals also cited 1 Weissenberger's Ohio Evidence (1985), 75, Section 803.79, in finding the phrase "other qualified witnesses" should be broadly interpreted. The witness need not have firsthand knowledge of the transaction, but must demonstrate the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, such that the witness can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6). *Patton,* supra, citing Weissenberger at 76.

{¶37} The business record must also be properly identified or authenticated by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid. R. 901 (A). The authentication does not require conclusive proof of authenticity but only foundational evidence sufficient for the trier of fact to conclude the document is what the party offering it as evidence claims it is.

{¶38} In *Thompson v. Hook* (April 28, 1995), Montgomery App. No. CA14604, the Second District Court of Appeals found a trial court may consider documentary evidence which is not specifically set out in Civ. R. 56 (C) and not properly authenticated only if the non-moving party does not object. *Thompson* at page 2, citing

*Gaumont v. Emery Air Freight Corporation* (1989), 61 Ohio App. 3d 277, 278 and *Brown v. Ohio Casualty Insurance Company* (1978), 63 Ohio App. 2d 87, 90-91. If a party does not object to the documents, the issue is waived for purposes of appeal. Id.

{¶39} We find appellant challenged Wachovia's standing as the real party interest to bring this action, and for this reason, it was necessary for Wachovia to provide an affidavit, certification or other authentication that the documents submitted were true copies.

{¶40} To sum up, in order to properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing:

{¶41} 1.) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument;

{¶42} 2.) if the movant is not the original mortgagee, the chain of assignments and transfers;

{¶43} 3.) all conditions precedent have been met;

{¶44} 4.) the mortgagor is in default; and

{¶45} 5.) the amount of principal and interest due.

{¶46} The affidavits must show:

{¶47} 1.) the affiant is competent to testify;

{¶48} 2.) the affiant has personal knowledge of the facts, as shown by a statement of the operant facts sufficient for the court to infer the affiant has personal knowledge;

{¶49} 3.) the affiant must state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done; and

{¶50}  4.) the affidavit must be notarized.

{¶51}  5.) Any documents the affidavit refers to must be attached to the affidavit or served with the affidavit.

{¶52}  The documentary evidence must be:

{¶53}  1.) certified copies of recorded documents; or

{¶54}  2.) if business records, must be accompanied by an affidavit attesting that they are business records kept in the regular course of business;

{¶55} 3.) the affiant must be familiar with the compiling and retrieval of the records;

{¶56}  4.) the affiant must state the records are compiled at or near the occurrence of each event by persons with knowledge of said events; and

{¶57}  5.) the records must be authenticated by the custodian of the records or by another witness who has personal knowledge of the records.

{¶58}  This court is aware of the realities of the secondary mortgage market but we must apply the Rules of Civil Procedure and Evidence set forth by the Ohio Supreme Court.  We conclude Wachovia did not support its motion for summary judgment with evidence it was the proper party in interest, and for this reason, the trial court should not have entered summary judgment in favor of Wachovia.

{¶59}  The first assignment of error is sustained.

II.

{¶60}  In light of our findings in I, supra, we find the second assignment of error is premature.

{¶61} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

WSG:clw 0608

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

WACHOVIA BANK OF DELAWARE,
N.A.                                                    :
                                                       :
                        Plaintiff-Appellee    :
                                                       :
                                                       :
-vs-                                                  :          JUDGMENT ENTRY
                                                       :
IRENE P. JACKSON                              :
                                                       :
                                                       :
                        Defendant-Appellant    :          CASE NO. 2010-CA-00291


      For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is

remanded to the court for further proceedings in accord with law and consistent with this

opinion.  Costs to appellee.


                                                       _____
                                                       HON. W. SCOTT GWIN


                                                       _____
                                                       HON. WILLIAM B. HOFFMAN


                                                       _____
                                                       HON. JULIE A. EDWARDS