[Cite as *Provident Funding Assocs. v. Ettayem*, 2016-Ohio-226.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PROVIDENT FUNDING ASSOCIATES, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ASHRAF A. ETTAYEM | : | Case No. 15 CAE 08 0066 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Delaware County
Court of Common Pleas, Case No.
14 CV E 06 0468

JUDGMENT:       Affirmed

DATE OF JUDGMENT:       January 21, 2016

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

PHILLIP BARRAGATE       ASHRAF A. ETTAYEM, pro se
ASHLYN HEIDER       1195 Breakers Court
Shapiro, Van Ess, Phillips       Westerville, Ohio 43082
& Barragate LLP
4805 Montgomery Road, Suite 320
Norwood, Ohio 45212

*Baldwin, J.*

{¶1}    Appellant Ashraf A. Ettayem appeals a judgment of foreclosure of the Delaware County Common Pleas Court.  Appellee is Provident Funding Associates.

STATEMENT OF FACTS AND CASE

{¶2}    Appellant executed a promissory note with PFG Loans, Inc., a DBA of Provident Funding Group, Inc., on August 9, 2006 in the amount of $340,000.   The promissory note includes two allonges:  the first containing a special indorsement from the original lender to appellee, and the second containing a blank indorsement.   Both are signed by C. Nillo as Assistant Vice President.

{¶3}    Appellant also executed a mortgage to Mortgage Electronic Registration Systems, Inc., acting as a nominee for PFG Loans.  The mortgage was recorded on August 17, 2006, and transferred by an assignment to appellee recorded on September 17, 2012.

{¶4}    Appellant executed a loan modification agreement effective November 15, 2013.   Appellant failed to make the first payment under the loan modification and defaulted on December 1, 2013.  Appellee accelerated the note, and filed the instant action for foreclosure on June 23, 2014 against appellant; Natasha A. Ettyam; Eastman Savings and Loan Association; PNC Bank, N.A.; Wesbanco Bank, Inc.; Huntington National Bank; the Medallion Estates Homeowners Association, Inc.; the Ohio Department of Taxation; and the Delaware County Treasurer.

{¶5}    Appellee filed a motion for summary judgment, attaching the affidavit of Sae Bin Park.  Appellant filed a response, but did not attach any evidentiary materials. Appellee filed a reply, attaching the affidavit of Jonathan Mildbrand.   The trial court

found no issues of material fact, and concluded that appellee was entitled to judgment as a matter of law. After granting the motion for summary judgment, the court issued a final judgment of foreclosure.

{¶6} Appellant assigns a single error:

{¶7} "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DECREE FOR FORECLOSURE."

{¶8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment

is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶9}    Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed.   The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.   The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case.   The moving party must specifically point to some evidence which demonstrates that the moving party cannot support its claim.   If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial.   *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶10}   Appellant argues that appellee failed to prove it was the holder of the note. He argues that the affidavit of Sae Bin Park was made without personal knowledge and failed to authenticate the note and mortgage.

{¶11}   Affidavits filed in foreclosure cases must demonstrate that the affiant is competent to testify; that the affiant has personal knowledge of the facts, as shown by a statement of the operant facts sufficient for the court to infer the affiant has personal knowledge; and that the affiant was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done.   *Wachovia Bank of Delaware, N.A. v. Jakcson,* 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶46-

49. The affidavit must be notarized, and any documents the affidavit refers to must be attached to the affidavit or served with the affidavit. *Id.* at ¶50-51.

{¶12} The affidavit of Sae Bin Park states that she is an assistant vice president for appellee, and her duties include the review of loan records. She avers that the note and mortgage deed filed in the case are true and accurate copies of the original instruments held by appellee. The trial court correctly found that her statement that she compared the copies of the note and mortgage that were incorporated as exhibits to the affidavit with the originals in order to verify their accuracy was sufficient to demonstrate personal knowledge and to authenticate the note and mortgage.

{¶13} Appellant also argues that the allonges to the note are improper, as they were not dated to show when and how each entity acquired the note, and the signer of both allonges acted in the capacity of assistant vice president to two different entities.

{¶14} The first allonge to the note is payable to the order of Provident Funding Associates, L.P., a California Limited Partnership, by PFG Loans, Inc., a DBA of Provident Funding Group, Inc. The second allonge to the note is a blank indorsement by Provident Funding Associates, L.P., a California Limited Partnership. Both allonges are signed by C. Nillo as Assistant Vice President.

{¶15} As noted by the trial court, appellee presented evidence to establish that it was in possession of the note at the time the instant action was filed, and the second allonge included a blank indorsement. "An entity which possesses a note indorsed in blank is a holder entitled to enforce the note." *Bank of Am., N.A. v. Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795, ¶35, fn. 14. Further, R.C. 1303.24, which sets forth the requirements for a valid indorsement, does not require the date to be

included.  The trial court did not err in finding the allonges to be valid, and appellee to be the holder of the note and mortgage at the time the complaint was filed, with standing to file the complaint in foreclosure.

{¶16} Appellant argues that the affidavit of Jonathan Mildbrand failed to authenticate any document and creates a genuine issue of material fact.

{¶17}  In response to appellee's motion for summary judgment, appellant filed a brief which raised issues concerning the loan modification and notice of default. Appellee then provided the supplemental affidavit of Mildbrand which provided further details to Park's affidavit concerning the loan modification, the default of the loan, the acceleration of the loan, and the notice of default.  The affidavit does not contradict Park's affidavit, nor did it create genuine issues of material fact.

{¶18} Finally appellant argues that the signatures on the loan modification agreement are dated after the alleged default.   Although the loan modification agreement was not signed until January 29, 2014 and February 3, 2014, the agreement expressly provides that it is effective on November 15, 2013, and requires monthly payments to begin on December 1, 2013.   Mildbrand's affidavit confirms that the effective date of the modification was November 15, 2013.

{¶19} The court did not err in granting summary judgment to appellee.   The assignment of error is overruled.  The judgment of the Delaware County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Wise, J. and

Delaney, J. concur.