[Cite as *Nationstar Mtge., L.L.C. v. Parish*, 2016-Ohio-6975.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC | ) | CASE NO. 14 MA 0176 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CAROL PARISH, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 2013 CV 2475

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Atty. Matthew J. Richardson
Atty. Ann Johnson
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, Ohio  43216-5028

For Defendant-Appellant:      Atty. Bruce M. Broyles
5815 Market Street, Suite 2
Boardman, Ohio 44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  September 22, 2016

WAITE, J.

**{¶1}** In this foreclosure action, Appellant Carol Parish appeals a December 24, 2014 Mahoning County Common Pleas Court decision granting summary judgment in favor of Appellee Nationstar Mortgage LLC dba Champion Mortgage of Ohio. Originally, additional defendants were named in the complaint; however, these defendants have either been dismissed from the action or are irrelevant to this appeal. Parish argues that Appellee failed to demonstrate that it had possession of the original promissory note, thus did not establish standing. Additionally, Parish argues that the trial court erroneously determined that Appellee satisfied all conditions precedent before filing its foreclosure complaint. For the reasons provided, Parish's arguments are without merit and the judgment of the trial court is affirmed.

## Factual and Procedural History

**{¶2}** On May 25, 2007, Parish executed a note and mortgage with Pacific Reverse Mortgage, Inc. dba Financial Heritage. The loan is a reverse mortgage where the balance increased as Parish drew from the account and had a maximum principal amount of $700,500. The mortgage and note are subject to the regulations of the U.S. Department of Housing and Urban Development ("HUD"). Pacific later assigned the mortgage to Appellee.

**{¶3}** On September 4, 2013, Appellee filed a foreclosure complaint alleging that the mortgage was in default and a principal of $31,791.94 plus interest and costs incurred during enforcement was due and owing. The complaint listed Parish, Lucy

Manack, the unknown spouse of Lucy Manack, Mahoning County Treasurer, and HUD as defendants.

{¶4} Parish initially failed to file an answer and Appellee moved for default judgment. Parish then filed an answer instanter, which was accepted by the trial court. Parish raised two affirmative defenses in her answer: Appellee lacked standing and Appellee failed to notify and seek permission from HUD Secretary ("Secretary") before accelerating the loan, thus failed to satisfy all conditions precedent. On October 29, 2013, HUD filed an answer and denied an interest in the property.

{¶5} On July 30, 2014, Appellee filed a motion for summary judgment, which the trial court granted. On the same date, Appellee dismissed Lucy Manack and her unknown spouse from the action after determining that they did not have an interest in the property. As Mahoning County Treasurer has no interest on appeal, the sole remaining party appellant is Parish. The trial court granted Parish's motion for a stay and this timely appeal followed. She filed one assignment of error but raised four "issues presented for review."

## Assignment of Error

The trial court erred in granting summary judgment to Appellee when there were genuine issues of material fact still in dispute.

## Issue Presented for Review No. 1

The trial court erred in granting summary judgment as the supporting affidavit was insufficient to establish the absence of a genuine issue of material fact.

<u>Issue Presented for Review No. 2</u>

The trial court erred in granting summary judgment based upon Nationstar Mortgage LLC's demonstration of "standing" or that it is a "real party in interest".

**{¶6}** "Generally speaking, standing is '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Wells Fargo Bank, N.A. v. Horn,* 142 Ohio St.3d 416, 2015-Ohio-1484, 31 N.E.3d 637, ¶8, citing Black's Law Dictionary 1625 (10th Ed.2014.) A party "must assert a personal stake in the outcome of the action in order to establish standing." (Emphasis deleted.) *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 23, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. In a foreclosure proceeding, the plaintiff must establish that it is the "holder of the note or [has] been assigned the mortgage prior to the complaint being filed." *U.S. Bank Natl. Assn. v. Kamal*, 7th Dist. No. 12 MA 189, 2013-Ohio-5380, ¶ 16, citing *CitiMortgage v. Loncar*, 7th Dist. No. 11 MA174, 2013-Ohio-2959.

**{¶7}** Standing is determined as of the filing of the suit because it is required to invoke the jurisdiction of the common pleas court. *Kuchta* at ¶ 24, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570–571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5. However, "[p]roof of standing may be submitted subsequent to filing the

complaint." (Emphasis deleted.) (Internal citations omitted.) *Horn* at ¶ 12. This means that while the respective parties must have standing at the time the complaint is filed, they need not prove standing at that time.

**{¶8}** In Parish's first and second issues presented she contends that Appellee lacked standing. First, she argues that Appellee failed to prove that it was in possession of the original promissory note. While Appellee filed an affidavit stating it had possession, Parish argues that the affidavit does not meet the requirements set forth in *Wachovia Bank of Delaware, N.A. v. Jackson,* 5th Dist. No. 2010-CA-00291, 2011-Ohio-3203. Second, Parish questions the affiant's ability to assert that Appellee had possession of the original promissory note based solely on a review of a digital file.

**{¶9}** Appellee responds by arguing that *Wachovia, supra,* is not controlling. Rather, this Court's decision in *Bank of America v. Saadey,* 7th Dist. No. 12 MA 16, 2014-Ohio-3569 applies*.* Pursuant to *Saadey*, Appellee argues that only three elements must be satisfied in order to establish ownership of a note and mortgage: (1) the movant is the holder of the note and mortgage, (2) the loan is in default, and (3) the amount of the principal and interest due and owing must be stated. Appellee urges that each of these elements were established through an affidavit from its employee, Justin Smetters.

**{¶10}** Appellee disputes Parish's claim that Smetters relied on a digital image to establish their possession of the note. Appellee contends that a copy of the

original note, which was specifically indorsed to Appellee, and a complete and unbroken chain of mortgage assignments were attached to the complaint.

{¶11} Appellee attached the following documents to its foreclosure complaint: a copy of the note, the mortgage, and the chain of assignment from the originator to Appellee. In its motion for summary judgment, Appellee additionally attached an affidavit from Justin Smetters, an assistant secretary at Appellee's office. Smetters asserts: "[a]t the time of filing the Complaint, and to date, Plaintiff, directly or through an agent, has possession of and is the person entitled to enforce the Note." (5/24/14 Smetters Aff., p. 3, ¶ 7.)

{¶12} Preliminarily, Parish contends that, pursuant to *Wachovia, supra,* Smetters' affidavit is insufficient. She cites to a lengthy list of factors in *Wachovia* that sets forth requirements for summary judgment in a foreclosure case. This Court has not adopted the *Wachovia* factors, however, and have consistently applied the law found in *Saadey.* According to *Saadey,* a foreclosure plaintiff must satisfy three elements: (1) plaintiff is the holder of the mortgage and note, (2) the mortgage is in default, and (3) the amount of the principal and interest due and owing is specifically set forth. Only the first element is at dispute in this matter.

{¶13} Parish argues that Smetters did not provide a business record demonstrating that Appellee had possession of the note. However, this is contrary to the record, as Smetters attached a copy of the note to his affidavit. "Ohio case law and rules provide that copies of a note, mortgage, or an assignment of a mortgage are ample evidence to establish holder status and grant a bank summary judgment in

foreclosure." *Wells Fargo Bank, N.A. v. Murphy*, 7th Dist. No. 13 MA 35, 2014-Ohio-2937, ¶ 23.

**{¶14}** Next, Parish argues that Smetters' affidavit states that he relied on a digital file rather than the original note to establish ownership of the mortgage and note. However, this argument is also contrary to the record. In relevant part, Smetters averred:

> Based on my knowledge of Nationstar Mortgage LLC d/b/a Champion Mortgage of Ohio's business practices, the entries in these records (*which include data compilations, electronic image documents, and others*) are made at the time of the events and conditions they describe, either by people with firsthand knowledge of those events and conditions or from information provided by people with such firsthand knowledge. (Emphasis added.)

(5/24/14 Smetters Aff., p. 2, ¶ 2.) It is clear from his affidavit that Smetters did not limit the records he reviewed to electronic documents. Regardless, true copies of electronically stored duplicates of an original note are sufficient to shift the burden to Parish to submit evidentiary materials showing that Appellee was not in possession of the original note. See *PNC Bank N.A. v. Price,* 5th Dist. No. 15AP0015, 2016-Ohio-2887; *Nationstar Mtge. v. Hayhurst*, 11th Dist. No. 2014–T–0102, 2015-Ohio-2900; *U.S. Bank, N.A. v. LaVette*, 8th Dist. No. 101348, 2015-Ohio-765.

**{¶15}** The record reveals that Appellee met its initial burden of demonstrating possession of the note, shifting the burden to Parish to prove otherwise. She

presented no such evidence. Thus, Parish's arguments are without merit and are overruled.

Issue Presented for Review No. 3

The trial court erred in granting summary judgment based upon Carol Parish's failure to support her memorandum in opposition with an affidavit.

Issue Presented for Review No. 4

The trial court erred in granting summary judgment when Nationstar Mortgage LLC failed to present any evidence that it fulfilled all conditions precedent to the acceleration of the debt and the filing of the foreclosure action.

**{¶16}** A trial court's decision to grant summary judgment is reviewed *de novo* using the same standard as the trial court as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), the movant must demonstrate that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. If this burden is met, the non-movant has a reciprocal burden and must set forth specific facts demonstrating that there is a genuine issue of material fact.

**{¶17}** A court must consider the evidence and all reasonable inferences to be drawn in a light most favorable to the non-movant. *Dennison Bridge, Inc. v. Resource Energy, L.L.C.*, 7th Dist. No. 14 HA 21, 2015-Ohio-4736, ¶ 17-18, citing *Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, 883 N.E.2d 1060, ¶ 11. The court must resolve any doubts in the non-movant's favor and "may not weigh the proof or choose among reasonable inferences." *Dennison* at ¶ 18, citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121, 413 N.E.2d 1187 (1980).

**{¶18}** Parish argues that Appellee failed to notify the HUD Secretary and receive permission to foreclose, and so failed to satisfy a condition precedent to acceleration and foreclosure. She cites to paragraph 9 of the "Adjustable Rate Open-End Home Equity Conversion Mortgage," which requires Appellee to notify the Secretary that the note is due and payable prior to accelerating the loan. As there is no evidence within the record to show that such notice was given, Parish argues that the trial court improperly granted summary judgment in Appellee's favor.

**{¶19}** In response, Appellee contends that there is no legal requirement to notify and seek permission from the Secretary prior to accelerating a loan. Even so, Appellee argues that Parish lacks standing on this issue, as the notification agreement involves only HUD and Appellee. Further, Parish was aware that HUD was joined as a party and raised no objections as to notification or permission.

**{¶20}** The record demonstrates that the note and mortgage are subject to HUD regulations. The parties do not dispute this fact. The question is whether a HUD regulation that requires a bank to notify and seek permission from the Secretary

is a condition precedent to the acceleration of a loan. We have held that "[w]here prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent." *U.S. Bank, N.A. v. Martin,* 7th Dist. No. 13 MA 107, 2014-Ohio-3874, ¶ 14, quoting *First Financial Bank v. Doellman,* 12th Dist. No. CA2006-02-09, 2007-Ohio-222, ¶ 20.

**{¶21}** Here, provisions regarding acceleration of the debt are found within paragraph 9 of the mortgage and paragraph 7 of the note. According to paragraph 9(a) of the mortgage, the loan may be accelerated if certain conditions are met. Paragraph 9(b), which is subtitled "Due and Payable with Secretary Approval," states these conditions:

(i) The property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

(ii) For a period of longer than twelve (12) consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower or;

(iii) An obligation of the Borrower under this Security Instrument is not performed.

According to paragraph 9(d), which is subtitled "Notice to Secretary and Borrower,"

Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraphs 9 (a) (ii) or (b). Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

(i) Correct the matter which resulted in the Security Instrument coming due and payable; or

(ii) Pay the balance in full; or

(iii) Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

(iv) Provide the Lender with a deed in lieu of foreclosure.

**{¶22}** Paragraph 7(B) of the note provides that:

Lender may require immediate payment in full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

(ii) For a period of longer than 12 consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness

and the Property is not the principal residence of at least one other Borrower; or

(iii) An obligation of the Borrower under the Security Instrument is not performed.

**{¶23}** As both the note and mortgage contain a provision requiring notice of default and acceleration, such notice is a condition precedent to acceleration and foreclosure. However, this case presents a unique factual circumstance. On October 29, 2013, HUD filed an answer to the foreclosure complaint and disclaimed an interest in Parish's property. Based on this fact, it is difficult to see how Appellee's failure to notify and seek permission from the Secretary affected Parish's substantial rights. Based solely on the record, here, Appellee's failure to notify and seek permission from the Secretary had no affect on any right Parish may have and so, was unnecessary in light of HUD's disclaimer. Accordingly, Parish's arguments are without merit and are overruled.

### Conclusion

**{¶24}** Parish argues that Appellee lacked standing to file the foreclosure complaint as it failed to demonstrate possession of the original note. This record demonstrates that Appellee did prove possession of the note, as a copy was attached to the foreclosure complaint. Parish next argues that Appellee failed to notify and seek approval from the Secretary prior to accelerating the loan. Although ordinarily a notice provision with a loan document is a condition precedent to acceleration of a loan and foreclosure, HUD filed an answer in this matter disclaiming

an interest in the property.  Thus, any failure to notify and seek approval from the Secretary has no affect on Parish's rights or on the outcome of this case. Accordingly, the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.