[Cite as *M&T Bank v. Woods*, 2017-Ohio-8500.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| M&T BANK | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JO E. WOODS, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | Case No. 17 CAE 07 0050 |
| | : | |
| and | : | |
| | : | |
| LISE M. LOGSDON | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                   Pleas, Case No. 16 CV E 10 0618


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  November 8, 2017


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

MATTHEW J. RICHARDSON                  SUSAN N. HAYES
P.O. Box 165028                        5878 North High Street
Columbus, OH  43216-5028               Worthington, OH  43085

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Lise M. Logsdon, appeals the June 28, 2017 decision of the Court of Common Pleas of Delaware County, Ohio, granting summary judgment to Plaintiff-Appellee, M&T Bank, and issuing a decree in foreclosure.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  On June 4, 2002, appellant and Jo E. Woods became the record owners of property located on Center Village Road in Galena, Ohio.

{¶ 3}  On June 27, 2006, Jo E. Woods, as "Borrower," executed a note with appellee.  Appellant signed the note as "Owner" (non-borrower), and agreed to be legally bound by the terms of the note secured by a mortgage on the subject property. Both parties purportedly signed the mortgage and it was duly recorded on July 12, 2006.

{¶ 4}  On June 17, 2013, appellant and Jo E. Woods executed a mortgage on the subject property with Peoples Bank, duly recorded on July 3, 2013.  A subordination agreement was signed on April 19, 2013, purportedly making appellee's mortgage subordinate to the Peoples Bank mortgage.

{¶ 5}  On December 14, 2015, Jo E. Woods quitclaimed her interest in the property to appellant.

{¶ 6}  On October 7, 2016, appellee filed a complaint for foreclosure against appellant and others to recover monies due and owing on the note.  The complaint acknowledged Jo E. Woods's obligations under the note had been discharged under bankruptcy.  Appellee was seeking to enforce its security interest and foreclose on the property.

{¶ 7}   On October 24, 2016, appellant filed an answer and denied her signature was on the mortgage and asserted the affirmative defense of fraudulent signature.

{¶ 8}   On May 2, 2017, appellee filed a motion for summary judgment against appellant, claiming no genuine issues of material fact to exist.   Appellee also requested default against non-answering defendants, including Mortgage Electronic Registration System, Inc., as nominee for Peoples Bank.   In support of its motion, appellee submitted the affidavit of a Banking Officer who attested to the documents and averred payments had not been made per the terms of the note and mortgage and a notice of default was sent to "Borrower" on April 20, 2016.   Per the terms of the loan, appellee had accelerated the account, making the entire balance due ($33,176.28 plus interest).

{¶ 9}   On May 16, 2017, appellant filed a memorandum in opposition to the motion for summary judgment, claiming she did not sign the note and the mortgage did not bear her signature.   In support, appellant submitted her affidavit wherein she averred she is the owner of the subject property, and in June 2006, she believed she could not have physically signed the mortgage due to her health.   Appellant had been diagnosed with MS, Trigeminal Neuralgia, and Sjogrens Syndrome.   Appellant also contested the priority of appellee's mortgage because of the mortgage with Peoples Bank in 2013.

{¶ 10} On June 12, 2017, appellee filed a reply, claiming appellant did not have standing to contest lien priority, and the challenge to her signature was self-serving. Appellee pointed out appellant did not specifically deny signing the mortgage, but stated she believed she could not have physically signed it.   Appellant did not present any

medical evidence to support her assertion, and did not conduct discovery relative to the notary who notarized the signatures to the mortgage.

{¶ 11} By in rem judgment entry filed June 28, 2017, the trial court granted appellee's motion for summary judgment, granted default against non-answering defendants, and issued a decree in foreclosure.

{¶ 12} Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 13} "THE JUDGE ERRED AS A MATTER OF LAW IN GRANTING APPELLEE M&T BANK'S MOTION FOR SUMMARY JUDGMENT WHERE ISSUES OF FACT REMAINED."

{¶ 14} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1.  Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 15} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 16} This appeal shall be considered in accordance with the aforementioned rules.

I

{¶ 17} In her sole assignment of error, appellant claims genuine issues of material fact existed and therefore the trial court erred in granting summary judgment to appellee.  We disagree.

{¶ 18} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C)   provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 19} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same

standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 20} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then

has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."  The record on summary judgment must be viewed in the light most favorable to the opposing party.  *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 21} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary quality materials establishing: (1) the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been satisfied; and (5) the amount of principal and interest due.  *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶ 40-45.

{¶ 22} In support of its May 2, 2017 motion for summary judgment, appellee presented the affidavit of Banking Officer Sandy Korbut attesting to these issues at ¶ 5-10, with the subject note and mortgage bearing appellant's signatures and the April 20, 2016 notice of default to Jo E. Woods attached.

{¶ 23} In her appellate brief at 7-8, appellant argues because of her MS, she would have been unable to sign the mortgage in June 2006, she never received any funds from the loan therefore the mortgage was not supported by any consideration to her, and she never received notice of the terms and of the default.  She argues these issues raise "issues of conflicting facts and inferences."

{¶ 24} In her May 16, 2017 memorandum in opposition to the motion for summary judgment, appellant argued she did not sign the note and the signature on the mortgage is not hers. A review of the note evidences Jo E. Woods signed the note as "Borrower" and appellant signed the note as an "Owner" on June 27, 2006. In signing the note, appellant agreed she did not have the right to obtain loans under the note and agreed "only to be legally bound by the terms of this Agreement relating to the Mortgage, to the Mortgaged Property, and to insurance on the Mortgage Property. The Owner's liability is limited to the Owner's interest in the Mortgaged Property." In exchange, Jo E. Woods, co-owner of the subject property at the time, received loan proceeds from appellee.

{¶ 25} Appellant's signature appears on the mortgage, also signed on June 27, 2006. In her affidavit filed May 16, 2017, appellant averred "I do not believe I could have physically signed the mortgage being foreclosed * * * or at a minimum would not have understood or been able to acknowledge that I signed it." The signature was authenticated by a notary, Roger Rill. This same notary authenticated appellant's signature on the note. The contents of the acknowledgments comply with R.C. 147.53.

{¶ 26} A self-serving affidavit that is not corroborated by any evidence is insufficient to establish the existence of an issue of material fact. *Wells Fargo Bank v. Blough,* 4th Dist. Washington No. 08CA49, 2009-Ohio-3672, ¶ 18. " 'To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate "the early assessment of the merits of claims, pre-trial dismissal of meritless claims and defining and narrowing issues for trial." ' " *Hooks v. Ciccolini,* 9th Dist. Summit No. 20745, 2002 WL 1023172,

*2 (May 15, 2002), quoting *Bank One, N.A. v. Burkey,* 9th Dist. Lorain No. 99CA7359, 2000 WL 763341, *5 (June 14, 2000) (Slaby, P.J., dissenting).

{¶ 27} In her affidavit, appellant did not deny signing the mortgage, but believed she could not have signed it given her physical condition.  She did not corroborate her belief with any evidentiary quality evidence from a doctor, family member, or friend attesting to her inability to write her name in June 2006.  She also did not present any evidence from the notary to refute the acknowledgment of her signature.

{¶ 28} We find appellant's self-serving affidavit is not sufficient to preclude summary judgment.

{¶ 29} As for consideration, although appellant did not personally receive loan proceeds, the then co-owner of the subject property, Jo E. Woods, did.

{¶ 30} Notice of default on the note was sent to Jo E. Woods as "Borrower" as set forth in the note and Korbut's affidavit at ¶ 9.  The mortgage at ¶ 30 states: "If 2 or more persons sign this mortgage, all of them will be, individually and together, liable under it, and, except to the extent required by applicable law, we can send or deliver any notice concerning it to any of them, and the notice will be effective for all of them." The note includes a similar provision at ¶ 29.

{¶ 31} Appellant's argument relative to lien priority is not a factor in appellee's ability to foreclose on the property.  Appellee had a valid lien on the property and named Peoples Bank's nominee as a defendant who failed to answer or otherwise defend.

{¶ 32} We find appellant has not met her reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial.

{¶ 33} Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶ 34} The sole assignment of error is denied.

{¶ 35} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.


EEW/sg 103

*Hoffman, P.J., concurring*

{¶36} I generally concur in the majority's analysis and disposition of Appellant's sole assignment of error.

{¶37} I write separately only to state my disagreement with the categorical proposition of law a self-serving affidavit which is not corroborated by any evidence is insufficient to establish the existence of an issue of material fact. Nevertheless, under the unique circumstances of this case, I agree with the majority Appellant has failed to present sufficient evidence of a genuine dispute as to the material fact concerning her signature.

_____
HON. WILLIAM B. HOFFMAN