PACIFIC FINANCE LOANS, APPELLEE, *v.* GOODWIN, APPELLANT.

(No. 33423—Decided November 2, 1974.)

*Mr. S. E. Stein,* for appellee.
*Mr. Stephen J. Knerly,* for appellant.

DAY, J.  Plaintiff sued alleging that there was due and owing from defendant $649.44, plus interest, on a promissory note negotiated between the parties.  Attached to plaintiff's complaint is a document entitled, "Retail Installment Contract and Security Agreement."  In essence, the document described the terms and conditions of the purchase of furniture by defendant and her husband from LaSalle, Inc.

Defendant answered denying generally the allegations in the complaint and alleging, *inter alia,* that there were breaches of warranties and a failure of consideration in the sale of the furniture.

Plaintiff moved for summary judgment alleging the document attached to the complaint was a note and that plaintiff was a holder in due course of the note and as such defendant was barred from asserting the defenses in her answer. On the basis of the pleadings, the trial court granted plaintiff's motion from which ruling defendant appeals assigning two errors:

(1) "In an action on purported promissory note, the trial court erred in entering summary judgment based on motion unsupported by affidavit or other evidence where defendant's answer presented lawful defenses.

(2) "In an action on purported promissory note where the instrument attached to the complaint was not in fact a promissory note but a retail installment contract and security agreement, said contract was not a negotiable note under Chapter 1303 Revised Code, but was a chattel paper covered by Chapter 1309 Revised Code and the assignee of said contract was subject to all lawful defenses raised by the obligor of the contract."

For reasons which appear below both assignments of error are well taken.

*Assignment of Error No. 1:*

"In an action on purported promissory note, the trial court erred in entering summary judgment based on motion unsupported by affidavit or other evidence where defendant's answer presented lawful defenses."

Without accepting what may be an implicit premise of the first assignment of error—that summary judgment is never appropriate on the pleadings without supporting evidence by affidavit or otherwise—we conclude that the court erred in granting summary judgment in this case.

The defendant's answer denying the allegation in the complaint that she had "* * * executed and delivered to plaintiff a promissory note * * *" raised a genuine issue of material fact requiring that the motion for summary judgment be overruled, Civ. R. 56(A) and (C), cf. *Pitillo* v. *Demetry* (1965), 112 Ga. App. 643, 645, 145 S. E. 2d 792, 794.

*Assignment of Error No. 2:*

"In an action on purported promissory note where the instrument attached to the complaint was not in fact a promissory note but a retail installment contract and security agreement, said contract was not a negotiable note under Chapter 1303 Revised Code, but was a chattel paper covered by Chapter 1309 Revised Code and the assignee of said contract was subject to all lawful defenses raised by the obligor of the contract."

Negotiability is a characteristic of such importance to commercial paper that any doubt is resolved against negotiability. See *Geiger Finance Co.* v. *Graham* (1971), 123 Ga. App. 771, 775, 182 S. E. 2d 521, 525.

At least three features of the paper at issue in the present case (designated formally as "Retail Installment Contract and Security Agreement") render its status as a negotiable instrument dubious at the very least. First, there is no clear indication that the amount of the obligation is payable to order or bearer. See R. C. §1303.03(A) (4). Second, the document provides for repossession of the collateral by the seller without judicial process contrary, in our view, to the requirements of R. C. 1303.03(A)(2).[1] Third, the seller retains a purchase money security interest. This places the governance of "the sale and any disclaimer, limitation, or modification of the seller's warranties" within R. C. 1302.01 to 1302.98.[2] The latter sections treat the rights of a financing agency, such as the present plaintiff, in R. C. 1302.50 and whatever the effect of that section we do not read it as establishing or affecting negotiability of a retail installment contract and security agreement in any sense that would permit an assignee of such agreement to become a holder in due course. Under these circumstances, negotiability is sufficiently dubious to require

---

[1] R. C. 1303.03(A)(2) provides, *inter alia*, that apart from an unconditional promise to pay a negotiable instrument must contain "* * * no other promise, order, *obligation* or *power* given by the maker or drawer except as authorized by sections 1303.01 to 1303.78, inclusive, of the Revised Code." (Emphasis added.) But cf. R. C. 1303.04(A)(5) (Page's Supp.), with respect to whether a reservation of security can condition a promise.

[2] R. C. 1309.17(B) (Page's Supp.)

the judgment that the negotiability of the paper in issue here cannot be determined summarily. Upon the taking of evidence, it may be that the document will be properly classified as a security document governed by the intricacies of R. C. Chapter 1309.

The judgment of the court below is reversed and the case remanded for further proceedings according to law.

*Judgment reversed.*

KRENZLER and JACKSON, JJ., concur.