[Cite as *RBS v. Sharp*, 2018-Ohio-2480.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

RBS CITIZENS NA,

Plaintiff-Appellee,

v.

MARY KAY SHARP ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 17 MA 0059

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2016 CV 01543.

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Phillip Barragate* and *Atty. Ashlyn Heider,* Shapiro Van Ess Phillips & Barragate, 4805 Montgomery Road, Suite 320, Norwood, Ohio 44512, for Plaintiff-Appellee.

*Atty. Bruce Broyles*, Bruce M. Broyles Co LPA, 164 Griswold Drive, Boardman, Ohio 44512, for Defendant-Appellant.

**Dated:**
June 22, 2018

**Donofrio, J.**

{¶1} Defendant-appellant, Mary Kay Sharp, appeals the judgment of the Mahoning County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Citizens Bank, NA fka RBS Citizens, NA.

{¶2} On January 13, 2010, appellant executed a promissory note which was secured by a mortgage in favor of appellee. On April 1, 2010, appellant defaulted on the note. Appellee filed a foreclosure complaint against appellant on August 9, 2011.

{¶3} Appellee moved for summary judgment with the trial court and appellant opposed said motion. The trial court granted summary judgment in favor of appellee. Summary judgment in favor of appellee was reversed and remanded by this Court on appeal. *RBS Citizens, NA v. Sharp*, 7th Dist. No. 13 MA 11, 2015-Ohio-5438. In our reasoning, we held that the note and mortgage were governed by 24 CFR § 203.604(d) which required the mortgagee to make a reasonable effort to arrange a face-to-face meeting with the mortgagor prior to initiating a foreclosure action. The mortgagee is required to send a letter to the mortgagor via certified mail attempting to arrange a face-to-face meeting. While appellee sent the letter detailing appellant's right to a face-to-face meeting, it was done via regular mail and not certified mail. Because the letter was not sent by certified mail, this Court held that there were genuine issues of material fact concerning appellee's compliance with CFR 24 § 203.604.

{¶4} On remand, the trial court denied appellee's motion for summary judgment on the basis that there were factual issues regarding appellee's compliance with CFR 24 § 203.604. Appellee dismissed its complaint without prejudice.

{¶5} On May 13, 2016, appellee sent appellant a letter via certified mail informing appellant of her right to request a face-to-face meeting. On June 4, 2016, appellee sent a representative to appellant's residence to discuss arranging a face-to-face meeting. Appellant declined the request for the face-to-face meeting and indicated that any information she received from appellee's representative would be forwarded to her attorney. Three days later, on June 7, 2016, appellee filed another complaint in foreclosure against appellant and her husband, James Sharp.

{¶6}   Appellee filed another motion for summary judgment on its foreclosure claim. In this motion, appellee attached an affidavit from Ida Goode, a foreclosure specialist employed with appellee. The motion also contained numerous exhibits which showed: the existence of a promissory note between appellant, appellant's husband, and appellee, an open end mortgage on appellant's property, an assignment of the mortgage to appellee, a payment history which showed that appellant defaulted around April of 2010, and a letter from appellee to appellant dated May, 13, 2016 sent via certified mail which explained appellant's right to have a face-to-face interview to discuss possible foreclosure alternatives.

{¶7}   Appellant opposed appellee's motion for summary judgment arguing that there were genuine issues of material fact concerning appellee's compliance with 24 CFR § 203.604. Specifically, appellant argued that appellee "failed [to] put forth evidence that [appellee] [sic] to considered [appellant and her husband] for loss mitigation in the hierarchy required by [the Department of Housing and Urban Development] Mortgagee letter 00-05." (Memo in Opposition to Summary Judgment, 4). Specifically, appellant argued that there was no evidence appellee considered appellant for special forbearance or a partial claim in order to mitigate the loss. Additionally, appellant argued that shortly after appellee's representative visited appellant's residence, on advice of counsel, appellant contacted appellee and requested a loan modification application. But prior to receiving said application, appellee instituted this action.

{¶8}   In its judgment entry dated February 21, 2017, the trial court granted appellee's motion for summary judgment finding that appellee satisfied all Department of Housing and Urban Development (HUD) loss mitigation requirements. The trial court issued its final judgment entry for foreclosure in rem on March 6, 2017. Appellant timely filed this appeal on April 4, 2017. Appellant raises one assignment of error.

{¶9}   Appellant's sole assignment of error states:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE REMAINED A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE AS TO WHETHER APPELLEE

SATISFIED ALL CONDITIONS PRECEDENT PRIOR TO ACCELERATING THE BALANCE DUE.

{¶10} Appellant argues that appellee was required to follow HUD regulations prior to accelerating the balance on her promissory note. Appellant argues that because the balance on the note was accelerated in 2010 or 2011 and appellee only complied with the face-to-face meeting letter requirement in 2016, appellee failed to fully comply with the regulations.

{¶11} An appellate court reviews the granting of summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005–Ohio–4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

{¶12} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist., 2015–Ohio–4167, 44, 44 N.E.3d 1011 N.E.3d 1011, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. Id.; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

{¶13} The HUD regulation requiring a mortgagee to notify a mortgagor of the right to have a face-to-face meeting is codified at 24 CFR § 203.604. This code section states, in relevant part:

(b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in

a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced * * *.

* * *

(d) A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

24 CFR 203.604(b) and (d).

**{¶14}** In response, appellee cites this Court's decision in *PNC Mortgage v. Garland*, 7th Dist. No. 12 MA 222, 2014-Ohio-1173. In *Garland*, Garland was also challenging the bank's compliance with the face-to-face meeting requirement set forth in 24 CFR 203.604. In *Garland*, we held:

Under our reading of the regulations, the specific time deadlines referenced by the court are aspirational, whereas the obligation to perform those conditions (i.e., the requirement to actually have a face-to-face meeting, absent one of the stated exceptions), is mandatory. For example, if a bank commences a foreclosure action at the earliest possible time, the day after the third payment is missed, the bank's failure to have the face-to-face meeting *within the first three months of default,* would, absent one of the exceptions, bar the bank from filing the foreclosure action. On the other hand, if the bank waited until the borrower missed six payments, for example, the bank's failure to have the face-to-face meeting *within the first three months of default,* would not bar the foreclosure action, as long as

the bank held the meeting sometime before filing the action; e.g. in the fourth or fifth month.

*Garland* at ¶ 30.

**{¶15}** Additionally, appellee relies on this Court's decision in *Bank of Am. v. Bobovyik*, 7th Dist. No. 13 CO 54, 2014-Ohio-5499. In *Bobovyik*, in 2009, defendant-appellant Bobovyik defaulted on a promissory note which was secured by a mortgage. *Id.* at ¶ 2-3. The bank sent a notice of default along with an intent to accelerate the balance due on October 8, 2009. *Id.* The bank filed an action in foreclosure but then dismissed it. *Id.* The bank refiled its action in foreclosure against Bobovyik on July 12, 2012 averring that it complied with all conditions precedent in the note and mortgage. *Id.* There is only one indication of the bank sending Bobovyik a letter detailing Bobovyik's right to have a face-to-face meeting. Said letter was sent on March 15, 2012 and received on March 20, 2012. *Id.* at ¶ 5. The letter in *Bobovyik* appears to have been sent after the first action but prior to the second action.

**{¶16}** Eventually, the bank filed for summary judgment which Bobovyik opposed arguing, among other things, that the bank failed to comply with the reasonable effort to arrange a face-to-face meeting requirement. *Id.* at ¶ 5, 7. The trial court granted summary judgment to the bank. *Id.* at ¶ 10.

**{¶17}** Affirming the trial court's decision to grant summary judgment in favor of the bank, this Court, citing *Garland*, held that a foreclosure action is not prohibited "if the efforts at the meeting occurred after the first three months (the deadline for the HUD regulation) but before commencement of the foreclosure action." *Id.* at ¶ 38. Furthermore, this Court elaborated on the decision in *Garland* stating that "the failure to offer a meeting prior to foreclosure is a condition precedent (which must be raised in the answer with specificity or is waived) but otherwise the timing of the meeting is not a condition precedent." *Id.*

**{¶18}** Applying this Court's decisions in *Garland* and *Bobovyik*, appellee complied with 24 CFR 203.604(b) and (d). Appellee attached to its motion for summary judgment a letter dated May 13, 2016 which detailed appellant's right to have a face-to-face meeting. Appellee also attached evidence that said letter was sent via certified mail. Additionally, appellee sent a representative to appellant's home on June 4, 2016.

Appellant does not contest this particular fact. (Brief of Appellant, 3). Appellee sent the letter via certified mail and filed this action after it made a reasonable attempt to arrange a face to face meeting. Thus, summary judgment was proper.

{¶19} Accordingly, appellant's sole assignment of error lacks merit and is overruled.

{¶20} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs

Bartlett, J., concurs

_____

_____

For the reasons stated in the Opinion rendered herein, appellant's sole assignment of error lacks merit and is overruled.  It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 17 MA 0059