[Cite as *Wilmington Savings Fund Society v. West*, 2019-Ohio-1249.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| WILMINGTON SAVINGS FUND | : | Hon. W. Scott Gwin, P.J. |
| SOCIETY, FSB AS TRUSTEE | : | Hon. Craig R. Baldwin, J. |
|  | : | Hon. Earle E. Wise, J. |
| Substitute | : |  |
| Plaintiff-Appellant | : |  |
|  | : | Case No. 18CA20 |
| -vs- | : |  |
|  | : |  |
| SHEILA R. WEST, ET AL | : | OPINION |
| Defendants-Appellees |  |  |


CHARACTER OF PROCEEDING:      Civil appeal from the Fairfield County
Court of Common Pleas, Case No.
14CV718

JUDGMENT:      Affirmed in part; Reversed in part

DATE OF JUDGMENT ENTRY:      April 3, 2019

APPEARANCES:

For Substitute Plaintiff-Appellant      For Defendant-Appellee

RICK D. DEBLASIS      BRUCE M. BROYLES
WILLIAM P. LEAAN      2670 North Columbus Street, Suite L
Lerner, Sampson & Rothfuss      Lancaster, OH 43130
120 East Fourth St. Suite 800
Cincinnati, OH 45202

*Baldwin, J.,*

{¶1} Wilmington Savings Fund Society appeals the denial of its motion for summary judgment and the trial court's verdict in favor of appellees, dismissing appellant's complaint for foreclosure. Appellees are Sheila and David West.

### STATEMENT OF FACTS AND THE CASE

{¶2} Appellant holds the note and mortgage on a parcel of property appellees currently possess. Appellees do not dispute that they filed for bankruptcy protection, executed an Intent to Surrender the property as part of the bankruptcy proceedings and have not made payments due under the terms of the mortgage and note. Appellant filed an action to foreclose the mortgage and appellees responded. The trial court dismissed appellant's motion for summary judgment and, after a bench trial, dismissed the complaint, concluding that appellant had failed to establish that it had complied with the notice provisions of 24 C.F.R. 203.604. Appellant argues it fulfilled the requirements of the Regulation and that appellees were estopped from objecting to the foreclosure after executing an intent to surrender the property in bankruptcy court and that, therefore, the court's ruling on the motion for summary judgment and dismissal of the complaint were erroneous.

{¶3} Appellant's predecessor in interest loaned appellees $200,740.00 toward the re-finance of a parcel of property and, in exchange, appellees executed a note promising repayment and signed a mortgage securing their promise with the purchased property. Appellees experienced financial problems and filed for bankruptcy protection. During the bankruptcy proceeding appellees executed and filed a Notice of Intent to Surrender the

property that was the subject of the mortgage and the Bankruptcy Trustee abandoned the property. The appellees' debts were discharged.

{¶4}  The loan to appellees was insured by HUD so it was subject to various federal regulations, including the notice requirements of 24 C.F.R. 203.604. Pursuant to the Regulation, appellant sent a letter to appellees via certified mail offering a face to face meeting regarding the delinquent mortgage and sent a representative to the property to arrange such a meeting.  Appellees did not respond to the letter and though the agent who visited the premises taped a notice to the door requesting contact from the appellees, they did not contact appellant.

{¶5}  Appellant filed a complaint for foreclosure in October 2014 and appellees filed an answer and counterclaim.  Appellant filed a motion for summary judgment and appellees responded, arguing that appellant failed to comply with 24 C.F.R. 203.604 because the attempt to arrange a face to face meeting did not occur before three full monthly installments due on the mortgage were unpaid.  Appellees contended timing was mandatory and a condition precedent to filing the complaint and that appellant's failure to fulfill this obligation within the time frame described in the Regulations was fatal to its case.

{¶6}  The trial court arrived at a similar conclusion to deny the motion for summary judgment, focusing on the date the note was accelerated.  The trial court held that:

> There is no dispute by the parties that certain conditions must be satisfied before a loan can be accelerated pursuant to HUD regulations, to wit, there must be a face-to-face meeting—or if such a meeting is not held, a reasonable effort must be

made—and efforts at loss mitigation. Therefore, the Court must consider when the loan was accelerated.

Entry Denying Motion for Summary Judgment, Nov. 23, 2015, p.4-5, Docket # 28

**{¶7}** The trial court found that the affidavit offered by appellant did not clearly identify the date the appellant "accelerated the default" and that the affiant "used language that could support Defendants' assertion that the default was accelerated prior to Plaintiff complying with all conditions precedent." *Id.* The trial court held that: "[b]ecause reasonable minds cannot come to but one conclusion and genuine issues of material fact remain as to when the loan was accelerated, the Court hereby OVERRULES(sic) Plaintiff's Motion for Summary Judgment." *Id.*

**{¶8}** A bench trial was conducted during which appellant provided testimony regarding the execution of the note, delivery of notices pursuant to 24 C.F.R. 203.604 and lack of response from appellees. Appellant further provided testimony regarding the assignment of the note, confirmed possession of the note and details regarding the delinquency. Appellees provided no evidence, but did argue that the requirements of 24 C.F.R. 203.604 remained unfulfilled.

**{¶9}** The trial court issued an entry, holding that:

Upon review of the evidence, testimony, and the arguments of the parties the Court finds Plaintiff has carried its burden with respect to demonstrating its standing to pursue foreclosure as the holder of the Note and Mortgage in question. Further, the Court finds that the loan is past due and in default from the November 2011 installment to present, with an interest rate of

> 6.25% plus other fees and advances, from October 1, 2011, on a loan
> balance of $182,472.88.

Trial Court Verdict, Apr. 27, 2015, p.4, Docket # 52

{¶10} After finding for appellant on several issues, the trial court dismissed the complaint, finding that that appellant "did not make reasonable efforts to contact [appellees] to arrange a face-to-face meeting or visit [appellees] at the Property before three full monthly installments due on the mortgage went unpaid" and that, therefor, appellant did not fulfill a condition precedent to accelerating the balance of the loan and initiating foreclosure proceedings. *Id,* at 6-7

{¶11} The trial court also held that the appellees' compliance with the Notice of Intent to Surrender that they had filed was an issue for the U.S. Bankruptcy Court. The trial court declined to address that matter.

{¶12} The appellant had also requested in its complaint a reformation of the property's legal description due to what it described as a scrivener's error. The trial court held that appellant waived its claim because no testimony or evidence was presented on this issue at trial.

{¶13} Appellant filed a timely notice of appeal and submitted three assignments of error:

I.    THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DECISION DENYING CITIMORTGAGE'S(SIC)[1] MOTION FOR SUMMARY JUDGMENT.

---

[1] CitiMortgage, the original plaintiff, assigned the note to Wilmington Savings Fund Society, FSB and requested that Wilmington Savings Fund Society be substituted as the plaintiff while this matter was pending in the trial court. The trial court granted that request in its order of August 9, 2017, Docket # 33.

II.      THE TRIAL COURT ERRED AS A MATTER OF LAW BY ENTERING JUDGMENT FOR APPELLEES ON APPELLANT'S FORECLOSURE AND REFORMATION CLAIMS.

III.     THE TRIAL COURT ERRED AS A MATTER OF LAW BY ENTERING JUDGMENT FOR APPELLEES WITH PREJUDICE; ANY DISMISSAL OF APPELLANT'S FORECLOSURE CLAIM SHOULD HAVE BEEN WITHOUT PREJUDICE.

## SUMMARY JUDGMENT

{¶14} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987).

{¶15} Civ.R. 56 provides summary judgment may be granted only after the trial court determines:

1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears *770 from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶16} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A dispute of fact is "material" if it affects the outcome of the litigation, and is "genuine" if demonstrated by substantial evidence going beyond the allegations of the complaint. *Burkes v. Stidham*, 107 Ohio

App.3d 363, 371, 668 N.E.2d 982 (8th Dist.1995), *Myers v. Jamar Enterprises*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352, *2 (Dec. 10, 2001).

{¶17} The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151-152, 309 N.E.2d 924 (1974).

### ANALYSIS

{¶18} The interpretation of 24 C.F.R. 203.604 and its application to the facts are the central issues in this case. The relevant facts are not in dispute, but the proper interpretation of the Regulation with the focus upon the time limit contained therein remains a point of contention. The Regulation directs appellants to send a notice and complete a visit to the subject premises before three full monthly payments are delinquent, but neither that section nor any other related section describes the consequence of missing that deadline. The trial court has interpreted the timing to comprise a mandatory condition precedent which remained unfulfilled when the foreclosure complaint was filed. Because this issue is critical to the resolution of the parties' arguments we will complete our analysis of 24 C.F.R. 203.604 before we consider the assignments of error.

{¶19} Appellees asserted in their answer that appellant failed to comply with HUD regulations before initiating foreclosure proceedings on the property. The mortgage loan that is the subject of this cause of action is federally insured and is subject to HUD regulations. The regulations applicable to federally insured mortgages are found in Part 203, Title 24, C.F.R. for Single-Family Mortgage Insurance.

{¶20} Pursuant to the Regulations, if the account in is default, the mortgagee is required to give notice to the mortgagor:

> "The mortgagee shall give notice to each mortgagor in default on a form supplied by the Secretary or, if the mortgagee wishes to use its own form, on a form approved by the Secretary, no later than the end of the second month of any delinquency in payments under the mortgage. If an account is reinstated and again becomes delinquent, the delinquency notice shall be sent to the mortgagor again, except that the mortgagee is not required to send a second delinquency notice to the same mortgagor more often than once each six months. The mortgagee may issue additional or more frequent notices of delinquency at its option."

24 C.F.R. 203.602

{¶21} If the account is delinquent after the end of the second month, 24 C.F.R. 203.604(b) requires the following:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced, or at least 30 days before assignment is requested if the mortgage is insured on Hawaiian home land pursuant to section 247 or Indian land pursuant to

section 248 or if assignment is requested under § 203.350(d) for mortgages

authorized by section 203(q) of the National Housing Act.

 (c) A face-to-face meeting is not required if:

***

 (5) A reasonable effort to arrange a meeting is unsuccessful.

 (d) A reasonable effort to arrange a face-to-face meeting with the

mortgagor shall consist at a minimum of one letter sent to the mortgagor

certified by the Postal Service as having been dispatched. Such a

reasonable effort to arrange a face-to-face meeting shall also include at

least one trip to see the mortgagor at the mortgaged property, unless the

mortgaged property is more than 200 miles from the mortgagee, its servicer,

or a branch office of either, or it is known that the mortgagor is not residing

in the mortgaged property.

{¶22} We have had an opportunity to address a similar situation, and we have held

that appellant "must also establish that it sufficiently complied with Section 203.604, Title

24, C.F.R. **as a condition precedent to foreclosure.** See *Washington Mut. Bank v.*

*Mahaffey*, 154 Ohio App.3d 44, 2003-Ohio-4422, 796 N.E.2d 39 (Second District Court

of Appeals found that mortgagee was not entitled to summary judgment when it failed to

establish that it sufficiently complied with Section 203.604, Title 24, C.F.R.)." *U.S. Bank,*

*N.A. v. Detweiler,* 191 Ohio App.3d 464, 2010-Ohio-6408, 946 N.E.2d 777, ¶ 56 (5th Dist.)

(emphasis added).

{¶23} In the case at bar there is uncontroverted evidence that, prior to filing the

foreclosure complaint, the appellant sent a letter to appellees via certified mail and sent

a representative to the premises, both with the expressed intent to arrange a face to face meeting in compliance with the obligations imposed by the Code of Federal Regulations. Appellant did not send the letter and did not complete the visit to the premises before three full payments were delinquent.  In *Detweiler* we found "that it [was] clear that appellee made no attempt to establish that it complied with the regulation that it have a face-to-face interview with the mortgagor, or made a reasonable effort to arrange the interview, before bringing the foreclosure action, *Detweiler, supra,* ¶ 56, but we did not address the consequences of complying with the requirements after three full monthly installments due on the mortgage were unpaid. The courts that have had the opportunity to address this issue have determined that the obligation to conduct a face to face meeting, or a reasonable attempt to do so is mandatory, but the requirement that the meeting or the attempt occur before three full monthly payments are due is aspirational.

{¶24} The Seventh District Court of Appeals described the mandatory/aspirational dichotomy of 24 C.F.R. 203.604:

Under our reading of the regulations, the specific time deadlines referenced by the court are aspirational, whereas the obligation to perform those conditions (i.e., the requirement to actually have a face-to-face meeting, absent one of the stated exceptions), is mandatory. For example, if a bank commences a foreclosure action at the earliest possible time, the day after the third payment is missed, the bank's failure to have the face-to-face meeting within the first three months of default, would, absent one of the exceptions, bar the bank from filing the foreclosure action. On the other hand, if the bank waited until the borrower missed six payments, for

example, the bank's failure to have the face-to-face meeting within the first three months of default, would not bar the foreclosure action, as long as the bank held the meeting sometime before filing the action; e.g. in the fourth or fifth month.

*PNC Mtge. v. Garland*, 7th Dist. Mahoning No. 12 MA 222, 2014-Ohio-1173, ¶ 30.

**{¶25}** That court recently confirmed its holding that the meeting or attempt to meet must occur before the filing of foreclosure, but otherwise the timing of the meeting is not a condition precedent. *RBS Citizens NA v. Sharp*, 7th Dist. Mahoning No. 17 MA 0059, 2018-Ohio-2480, ¶ 17, appeal not allowed, 153 Ohio St.3d 1504, 2018-Ohio-4285, 109 N.E.3d 1260, ¶ 17. *See Also Bank of Am. v. Bobovyik,* 7th Dist. Columbiana No. 13 CO 54, 2014-Ohio-5499, ¶¶ 38-39.

**{¶26}** The Ninth District came to the same conclusion in *Huntington Natl. Bank v. Anderson*, 9th Dist. Lorain No. 17CA011223, 2018-Ohio-3936, ¶¶ 30-31, when it reversed the trial court's decision that Huntington "failed to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage went unpaid." *Id. at* ¶ 12. The court relied upon the Seventh District as well as a holding from the Second District.

**{¶27}** The Second District examined the application of this Regulation and concluded:

A commonsense construction of the regulation is that it requires, subject to the exceptions contained in division (c)(2), that a lender either have a face-to-face interview or make a reasonable effort to arrange the interview before bringing a foreclosure action, and that the mortgagee is urged, by the

regulation, to have the interview, or to make a reasonable effort to arrange

the interview, within the three-month default period.

*Washington Mut. Bank v. Mahaffey*, 154 Ohio App.3d 44, 2003-Ohio-4422, 796 N.E.2d

39, ¶ 22.

{¶28} The Second District later confirmed the requirement that the lender act before three full monthly payments on the mortgage were unpaid was aspirational as a strict reading would be unduly hard and inequitable. *Wells Fargo Bank, N.A. v. Goebel*, 2nd Dist. No. 25745, 2014-Ohio-472, 6 N.E.3d 1220, fn 4.

{¶29} The Tenth District has examined this issue as well. In *Wells Fargo Bank, NA v. Burd,* 10th Dist. Franklin No. 15AP-1044, 2016-Ohio-7706 the court considered other holdings finding the three payment deadline aspirational, but found those cases distinguishable because "[t]his is not a case where, as theorized in *Garland*, a bank holds a face-to-face meeting a few months after a third payment is missed but prior to filing foreclosure. Rather, in this case, Wells Fargo and Burd participated in a court-sponsored mediation session after a foreclosure proceeding had been initiated. Outside of that court-sponsored mediation, Wells Fargo made no other attempt to comply with the requirements of 24 C.F.R. 203.604(b)." *Id* at ¶24.

{¶30} The Tenth District more directly considered the timing in *U.S. Bank Natl. Assn. v. Cavanaugh,* 10th Dist. Franklin No. 18AP-358, 2018-Ohio-5365, when the appellants "contended that U.S. Bank could not foreclose because it had not satisfied the requirement in 24 C.F.R. 203.604(b) that a lender have a face-to-face meeting with the borrower, or attempt to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." *Id,* at ¶ 7. After noting that the appellant failed to raise

this as an affirmative defense in the court below, the appellate court noted that the issue of whether the timing was an affirmative defense or a condition precedent would not impact the outcome because the timing was aspirational.

> Significantly, *Burd* did not hold that a lender is barred from seeking foreclosure if it fails to appropriately act within the time period specified in 24 C.F.R. 203.604(b). Thus, contrary to the Cavanaughs' assertion, *Burd* does not dictate the result in this case. We, instead, follow the other Ohio courts that have addressed this issue and conclude that a lender complies with 24 C.F.R. 203.604(b) if it conducts a face-to-face meeting, or it makes reasonable efforts to arrange a face-to-face meeting, prior to filing for foreclosure. Here, U.S. Bank made the mandated efforts to arrange a face-to-face meeting before it commenced its action against the Cavanaughs for foreclosure. We, therefore, conclude that no genuine issue of material fact regarding U.S. Bank's compliance with 24 C.F.R. 203.604(b) remains for resolution."

*Id* at ¶ 32.

**{¶31}** The purpose of the part of the Code of Federal Regulations and related sections is to provide support for borrower housing counseling and an alternative to foreclosure to qualified mortgagors. *12 U.S.C.A. 1715u*; *Bagley v. Wells Fargo Bank, N.A.,* E.D. Virginia, Civil Action No. 3:12–CV–617, 2013 WL 350527, *5 (Jan. 29, 2013); *Ferrell v. Pierce,* 785 F.2d 1372 (7th Cir. 1986). With that purpose in mind and considering the analysis of our colleagues, we hold that the appellant was obligated to send a letter via certified mail and visit the property to arrange a face to face meeting prior to the filing foreclosure action. The time-frame described in CFR 203.604 is aspirational,

not mandatory.  The fact that the certified letter and the visit to the property occurred after the third full monthly payment was unpaid will not serve to bar the foreclosure actions. We agree that "[i]t seems inconceivable that the HUD regulations, promulgated in respect to the federal agency's role as an insurer of mortgages, were intended to create a permanent and impenetrable barrier to foreclosing on the property of a borrower who has not made a mortgage payment for more than eight years. *US Bank Nat. Ass'n v. McMullin*, 55 Misc.3d 1053, 1062–63, 47 N.Y.S.3d 882, 889–90 (N.Y. Sup. Ct.2017).

**{¶32}** With that conclusion in mind, we move to consideration of appellant's assignments of error.

**{¶33}** In its first assignment of error, appellant contends that the trial court erred as a matter of law by denying its motion for summary judgment.  As noted above, our standard of review for summary judgment is *de novo.*

**{¶34}** Appellant sought summary judgment to foreclose the mortgage and reformation of the deed to correct an error in the description of the property.  In support of its motion, appellant offered the affidavit of Erica Bardua, employed by CitiMortgage as Vice President-Document Control.

**{¶35}** Ms. Bardua established her competency by identifying herself as employed by CitiMortgage as Vice President, Document Control, and confirmed her statements in the affidavit were based upon her personal knowledge. The nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that Ms. Bardua has personal knowledge of the facts in the affidavit. *PNC Bank, N.A. v. Price*, 5th Dist. Morgan No. 15AP0015, 2016-Ohio-2887, 64 N.E.3d 402.

{¶36} Ms. Bardua stated that CitiMortgage was in possession of the original promissory note. She confirmed that a true and accurate copy of the Note with any applicable endorsements, the Mortgage with any applicable Assignments, Collection Notes, Acceleration Letter, Face to Face invite, Face to Face Attempt Field Notes, Face to Face Letter and Payment History as they appear in CitiMortgage, Inc.'s business records are attached to the affidavit. The affidavit is properly notarized.

{¶37} Ms. Bardua described the records attached to her affidavit as business records kept in the regular course of business, stated that she is familiar with and has access to the records, and that the records were made or maintained in the regular and usual course of business. She also confirmed the records were made at or near the time by, or from information from, a person with knowledge of the transactions. Ms. Bardua also provided sufficient evidence to demonstrate that the appellees were in default, that all conditions precedent had been satisfied and she stated the amount of principal and interest due. Consequently, the affidavit and the attached documents are adequate to satisfy the requirements for issuing a summary judgment in the context of a foreclosure action, *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, and the burden shifts to appellees to demonstrate a material fact remains for trial. Appellees "may not rest upon the mere allegations or denials of his pleadings, but [their] response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Dresher, supra.*

{¶38} Appellees responded by attacking Ms. Bardua's affidavit and contending there was insufficient evidence that the appellant fulfilled the conditions precedent to acceleration of the note and foreclosure. Appellees did not submit any evidence, but

relied upon their argument that appellant's evidence fell short of fulfilling the requirements for granting summary judgment.

{¶39} We disagree with appellees' argument that Ms. Bardua was unable to determine who possesses the original note, that her affidavit suffers from an internal inconsistency and that she failed to "attach the business records upon which she relied in order to state that CitiMortgage, Inc. possesses the original note. She stated that "CitiMortgage, Inc., or its authorized agent, is in possession of the original Note endorsed in blank, and is the current mortgagee under the Mortgage." We conclude possession by the appellant or its agent would satisfy the requirement of *Wachovia, supra* that the appellant is the holder of the note and our ruling in *Wachovia* contains no requirement that affiant attach documentation in support of a conclusion that appellant is the holder of the note.

{¶40} Appellees further contend that Ms. Bardua's affidavit is similar to the affidavits in *Bank of Am., N.A. v. Loya*, 9th Dist. Summit No. 26973, 2014-Ohio-2750 and *Wachovia, supra, but* we find distinct differences. In *Loya* the affidavits were "based on their review of the business records attached to those affidavits. The only item attached to Ms. Bradley's affidavit was an account information statement." *Loya*, at ¶ 13. The items attached to the affidavit did not provide any information regarding possession of the note. Ms. Bardua's affidavit was based upon "[her] review of those records relating to the Borrower's loan and from [her] own personal knowledge of how they are kept and maintained" and was not limited to the documents attached to the affidavit.

{¶41} The affidavit in *Wachovia* was rife with defects that are not present in Ms. Bardua's affidavit. *Wachovia, supra* ¶ 28. Ms. Bardua's affidavit identifies much more

than the mortgage and the note as accurate copies of the originals, and includes documents that support her conclusions. She does identify the account as a business record, kept in the regular course of business, and states the records were compiled at or near the occurrence of each event by persons with knowledge of said events, unlike the affidavit in *Wachovia*. She identifies herself as vice-president of document control at CitiMortgage and asserts she has personal knowledge of all the facts contained in her affidavit, and not merely an assistant secretary with questionable access to records.

**{¶42}** We hold that Ms. Bardua's affidavit satisfied the requirements of *Wachovia* and that appellees' criticisms of the format and the content are not well taken.

**{¶43}** Appellees next challenge the legal sufficiency of the information provided by the affidavit, arguing that appellant failed to demonstrate fulfillment of the requirements of 24 C.F.R. 203.604, focusing on the timing requirement that we previously addressed.

**{¶44}** Appellees begin their argument by asserting that the loan was accelerated on January 25, 2013 based upon the language in Exhibit F attached to the Bardua affidavit. That document contains a reference to acceleration, but does not support the conclusion that the appellant had accelerated the payment due date of the loan. The document warns that "[f]ailure to cure the default by 01/25/13 **may** result in the acceleration of all sums due under the Security Instrument"(emphasis added) but it does not state with certainty that the entire unpaid balance will become due on that date. The balance of appellees' argument is based upon this misinterpretation of Exhibit F and we therefor find it unpersuasive.

**{¶45}** Based upon the materials in the record, the acceleration of all sums due under the note did not occur until the complaint was filed on October 14, 2014. *Nixon v.*

*Buckeye Bldg. & Loan Co.,* 18 Ohio Law Abs. 261, 263 (2nd Dist.1934); *See Also In re Land*, 14 B.R. 132, 133 (Bankr. N.D. Ohio 1981). We found above that the timing described in 24 C.F.R. 203.604 was aspirational and that this Regulation is satisfied when the notice is sent and the premises visit is completed prior to the filing of the complaint. Consequently, appellees' contention that appellant failed to fulfill the requirements of the Regulation regarding the face to face meeting must fail as both the letter and the visit to the premises occurred prior to the acceleration of the note and the filing of the foreclosure. Exhibit G, the certified mail letter to appellees asking for a face-to-face meeting was sent on June 30, 2014 and the visit to the premises to arrange a face to face meeting occurred on July 2, 2014 per Exhibits I and J. Both tasks were completed prior to the filing of the complaint in October 2014.

**{¶46}** Appellees' argument opposing summary judgment next cites to *Wells Fargo Bank, N.A. v. Aey,* 7th Dist. Mahoning No. 12 MA 178, 2013-Ohio-5381 contending that appellant was obligated to consider appellees for loss mitigation prior to filing foreclosure. We find that case distinguishable as the borrowers therein filed opposing affidavits in which they "stated that they were in the loan modification process at the time the complaint was filed, they provided the bank with all documents requested, but the bank said the documents were missing, had been lost, or had become outdated." *Id* at p. 8. The appellees in the case at bar provided no affidavit or any admissible evidence to establish that they were likewise in the midst of the loan modification process. They have not contended that they responded to any of the correspondence they received from the appellant, that they requested further consideration from the appellant or that they attempted to contact the appellant. The appellees' also provide no explanation regarding

how appellant would complete a loss mitigation evaluation of appellees when they failed to contact appellant either on their own volition or in response to appellant's correspondence. We disagree with appellees contention that appellant's completion of a loss mitigation evaluation is a condition precedent to acceleration and foreclosure in this case.

{¶47} Appellees did not oppose or otherwise respond to that part of appellant's motion for summary judgment seeking a reformation of the property description.

{¶48} The trial court reviewed the facts and concluded there was a question of material fact left for trial because Ms. Bardua's affidavit did not state when the appellant had accelerated the date the amount under the note was due. Because that fact remained unknown, the trial court concluded that it was unable to determine if the required notice under 24 C.F.R. 203.604 had been timely issued and, therefore, summary judgment was inappropriate. The trial court did not address that portion of the motion for summary judgment requesting reformation of the deed.

{¶49} With regard to the issue of foreclosure, we hold that the trial court erred by failing to grant appellant's motion for summary judgment. We have concluded above that the affidavit and attachments submitted by Ms. Bardua fulfills the requirements we outlined in *Wachovia.* The trial courts holding that Ms. Bardua's affidavit contains no information regarding the acceleration of the affidavit overlooks the fact that the due date of the note was accelerated by the filing of the complaint on October 14, 2014 and the record contains no other evidence to suggest the debt was accelerated at an earlier time. Nothing within the note or mortgage contains a requirement of prior notice of acceleration and no party has cited to any legal authority that would require such notice. The relevant

precedent regarding the 24 C.F.R. 203.604 requirements that the appellant conduct a face to face meeting requires the sending of a letter and a personal visit prior to filing foreclosure. In this case, the requirements were satisfied prior to acceleration and the filing of the foreclosure as they occurred simultaneously upon the filing of the complaint. We conclude that the holding that the date of acceleration was unknown and thus a question of material fact preventing summary judgment was erroneous.

{¶50} The appellant contends that its request for summary judgment on the issue of reformation was also wrongly denied. "Reformation is an equitable remedy that allows a court to change the language in a contract where the parties' true intentions have not been expressed due to a 'mutual mistake'—meaning a common mistake by all the parties to the contract. * * * The party wishing to reform the [agreement] must demonstrate the 'mutual mistake' by clear and convincing evidence. Clear and convincing evidence is the degree of proof necessary 'to produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " (Citations omitted.) *Huber v. Knock*, 1st Dist. Hamilton No. C–080071, 2008-Ohio-5900 ¶ 6 as quoted in *Huntington Natl. Bank v. Betteley,* 11th Dist. Lake No. 2015-L-057, 2015-Ohio-5067 ¶ 24.

{¶51} In the case at bar appellant asserts that "as a result of scrivener's error and mutual mistake of fact between the parties thereto, the mortgage executed by the [appellees] and delivered by them to the [appellant] contained an incorrect legal description. (Complaint, paragraph 10.) Appellant concludes in the complaint that because the mistakes were the result of scrivener's error and a mutual mistake of fact between the parties, they are entitled to have the above described mortgage reformed so as to have the appropriate legal description rewritten. In paragraph 5 of the complaint

appellants referred to Exhibit C as containing the correct legal description. Appellees denied the allegations in paragraphs 5, 10 and 11, putting the facts regarding the alleged error at issue.

{¶52} "[S]ummary judgment is not proper on the pleadings alone where the nonmoving party's answer denies material allegations of fact raised in the complaint." *Pacific Finance Loans v. Goodwin,* 41 Ohio App.2d 141, 142, 324 N.E.2d 578 (8th Dist.1974). Appellees' answer denies material factual allegations of the complaint regarding the nature and existence of the error in the property description in the mortgage, obligating appellant to produce evidence regarding the same in support of its motion. *Help Children, Bay View Fire Fighters Ass'n v. Dept. of Liquor Control*, 10th Dist. Franklin No. 95APE06-802, 1996 WL 11280, *2–3.  (Jan. 11, 1996). Appellant argued the law regarding reformation and referred to its allegation that the property description in the mortgage is incorrect due to mutual mistake, but it does not identify the mistake and does not include any evidence admissible under Civ.R. 56 in support of the error.  No affidavit identifies Exhibit C as the correct property description.  Neither that exhibit nor any other document that corroborates the error is identified by appellant in its motion for summary judgment.

{¶53} Under the circumstances we find that summary judgment on the issue of reformation of the mortgage would not be appropriate as we cannot find there was clear and convincing evidence of an error or the correct information and we find that a genuine issue of fact remained to be decided.

{¶54} The appellant's first assignment of error is granted regarding the issue of default and foreclosure, but denied with regard to the reformation of the deed.

{¶55} In its second assignment of error, appellant argues that the trial court erred as a matter of law by entering judgment for appellees on appellant's foreclosure and reformation claims. Because we have held granted appellant's first assignment of error with regard to its foreclosure claims, the portion of the assignment regarding foreclosure is now moot and will not be considered.

{¶56} The trial court concluded that appellant had waived its claim for reformation as it presented no evidence at trial supporting its contention of a mutual mistake, the nature of the error or the necessary correction. While our standard of review regarding interpretation of law is de novo, "insofar as factual issues must be determined by the trial court as a predicate to resolving [legal questions], such factual determinations should be accorded deference." *Aljaberi v. Neurocare Ctr., Inc.,* 5th Dist. No. 2017 CA 00176, 2018-Ohio-1800, ¶ 18. Consequently, we must first consider the trial court's factual findings.

{¶57} Appellant insists, in conclusory terms, that it is entitled to reformation based upon Exhibit C to the complaint and the Preliminary Judicial Report. Appellant does not cite any portion of the record where these exhibits were submitted as evidence or where the appellant offered any testimony or other evidence in support of its argument. We have reviewed the trial transcript and though it contains several exhibits, appellant offered no testimony or exhibit in support of reformation. No party mentioned reformation during trial and reformation was not argued by appellant in its post-trial brief. Under the circumstances we cannot conclude that the trial court abused its discretion by dismissing the appellant's claim for reformation.

{¶58} The appellant's second assignment of error is denied to the extent it addresses the claim of reformation. The balance of the argument in that assignment was rendered moot by our decision in the first assignment.

{¶59} In its third assignment of error, appellant contends that the trial court erred as a matter of law by entering judgment for appellees with prejudice and that any dismissal of appellant's foreclosure claim should have been without prejudice. As this assignment of error is limited to the judgment regarding foreclosure, we find that it is rendered moot by our decision in the first assignment of error.

{¶60} The decision of the Fairfield County Court of Common Pleas is affirmed in part and reversed in part. That part of assignments of error one and two addressing the claim for reformation of the deed is affirmed as summary judgment was not warranted and the trial court did not abuse its discretion by finding against appellant for lack of evidence. That part of the first assignment of error addressing default and foreclosure is granted and the judgment of the trial court in that regard as well as its verdict regarding default and foreclosure is vacated and the trial court ordered to grant summary judgment on those issues in favor of appellant. The third assignment of error is moot.

{¶61} This matter is remanded to the trial court for further proceedings consistent with this opinion and judgment.

By: Baldwin, J.,

Gwin, P.J., and

Wise, Earle, J., concur